IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT VAHCIC<br>30013 Oakdale Road<br>Willowick, Ohio, 44095<br><br>          Plaintiff,<br>     v.<br><br>LAKE ERIE EXPORT COMPANY, INC<br>21151 Euclid Ave,<br>Cleveland, Ohio, 44117<br><br>**Serve also:**<br>    Irl D. Rubin, Statutory Agent<br>    35401 Euclid Avenue,<br>    Willoughby, Ohio, 44094<br><br>     and<br><br>KEVIN OLENCHICK<br>9903 Country Scene Lane,<br>Mentor, Ohio 44060<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE STANDARDS ACT<br><br>(Jury Demand Endorsed Herein) |

Plaintiff, Robert Vahcic, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

**PARTIES**

1. Vahcic is an individual residing in Lake County, Ohio.

2. Lake Erie Export Company, Inc. ("Lake Erie Export") is a for-profit corporation organized under the laws of the State of Ohio whose principal place of business is located at 21151 Euclid Avenue, Cleveland, Ohio, 44117.

3. Olenchick is an individual believed to be residing in Lake County, Ohio.

1

4. At all times referenced herein, Olenchick supervised and/or controlled employment of Vahcic with Lake Erie Export and acted directly or indirectly in the interest of Lake Erie Export in relation to its employees, including its day to day operations and respective compensation practices; therefore, Olenchick is an employer within the meaning of Article II, Section 34a of the Ohio Constitution and the Fair Labor Standards Act ("FLSA"), 29 § U.S.C. 203(d).

## PERSONAL JURISDICTION

5. Defendants hire citizens of the state of Ohio, contracts with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

6. Vahcic performed work in this judicial district, was paid unlawfully by Defendants pursuant to work performed in this district and/or was hired out of this district.

7. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Vahcic's state law claims under the Ohio Minimum Fair Wages Standards Act ("OMFWSA") and the Ohio Constitution because those claims derive from a common nucleus of operative facts.

10. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE

11. At all times referenced herein, Lake Erie Export formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

12. At all times material to the Complaint, Vahcic and those similarly-situated directly participated in the actual movement of things in interstate commerce by regularly using instrumentalities of interstate commerce in their work, namely by ordering equipment, material, and supplies, and further, by shipping and/or exporting products out of Ohio.

13. At all material times, Defendants were employers within the meaning of the FLSA and the OMFWSA.

## FACTS

14. Defendants operate an automotive parts and supplies business located in Cleveland, Ohio.

15. At all times referenced herein, Lake Erie Export was not a "motor carrier" or a "motor private carrier" as those terms are defined in Section 204 of the Motor Carrier Act of 1935 and was not exempt from the overtime or minimum wage requirements of the FLSA or the OMWFSA pursuant to the Motor Carrier Act. *See* 29 USC § 213(b)(1).

16. Vahcic is a former employee of Defendants.

17. Vahcic was hired by Defendants in or around November of 2013.

18. Vahcic was employed by Defendants as an "Operations Manager"

19. Despite the title "Manager," Vahcic did not qualify for the Executive Exemption to the FLSA/OMFWSA based on his job duties because he could not hire or fire employees and he had no input on decisions regarding hiring and firing.

20. Vahcic never hired any employees for Lake Erie Exports.

21. Vahcic never fired any employees for Lake Erie Exports.

22. Vahcic did not qualify for the Administrative Exemption to the FLSA/OMFWSA based on his job duties because he was not empowered to use his discretion or independent judgment make decisions with respect to matters of significance regarding Lake Erie Export's business.

23. Vahcic's primary job duties included packing and shipping parts and supplies; ordering parts and supplies as directed; quoting parts for customers; receiving parts and supplies that were delivered to Lake Erie Export; and sorting packages so they went to the correct customer.

24. At all times referenced herein, Defendants treated Vahcic as an "independent contractor" and paid him on a 1099 basis.

25. Vahcic's work was integral to Lake Erie Exports' business.

26. Vahcic's employment was not temporary and had no fixed end-date.

27. Vahcic was treated as an at-will employee.

28. Vahcic was not required to use managerial skills to realize a profit or a loss; he was paid the same salary throughout his entire period of employment.

29. Vahcic was economically dependent on Lake Erie Exports and did not invest his own money, equipment, or supplies into the business.

30. Vahcic's job duties did not require special skills or particularized education or licensing.

31. At all times material to the complaint, Defendants controlled Vahcic's employment.

32. Defendants established the terms and rules of Vahcic's employment.

33. Vahcic was not conducting his own business while in the employ of Defendants.

34. Despite being labeled by Defendants as an independent contractor, Vahcic was in reality a non-exempt employee under the FLSA.

35. Defendants told Vahcic that he was an independent contractor so they could avoid making overtime payments to Vahcic.

36. In 2019, the Internal Revenue Service ("IRS") determined that Defendants had misclassified Vahcic as an independent contractor and required Defendants to amend their tax filings accordingly and/or to pay taxes due based on Vahcic's status as an employee.

37. At all times referenced herein, Defendants paid Vahcic a salary of $2,000.00 per month.

38. Vahcic's salary was intended to compensate him to work up to 40 hours per week.

39. Even though Vahcic was paid a salary, he was in reality a non-exempt employee under the FLSA and the OMFWSA.

40. Defendants did not require Vahcic to record his hours of work.

41. Defendants did not record Vahcic's hours of work.

42. At all times referenced herein, Vahcic worked greater than 40 hours per week.

43. Vahcic would generally spend an hour at home each morning responding to customer emails before reporting to Lake Erie Exports at approximately 9:00am.

44. Olenchick was copied on most if not all of the emails Vahcic sent from home and had reason to know that Vahcic was working at home before he reported to Lake Erie Exports.

45. After reporting to work at Lake Erie Exports, Vahcic would work until approximately 4:30pm.

46. During several days of Vahcic's employment with Lake Erie Exports, he would work past 4:30pm, well into the evening and night time.

47. Vahcic often worked for Lake Erie Exports until at least 10:00pm.

48. Vahcic did not take lunch breaks and generally ate while he worked if he ate at all.

49. During Vahcic's employment, he held a part-time second job with a restaurant that was not far from Lake Erie Exports.

50. Vahcic would generally work 2-3 hours at the restaurant on days he left Lake Erie Exports at 4:30pm.

51. Vahcic worked at the restaurant approximately three evenings a week.

52. After concluding his shift at the restaurant, Vahcic would return to Lake Erie Exports to complete any work that was remaining. On these days, Vahcic would often work until 1:00am or 2:00am into the following morning.

53. Vahcic would regularly work 6-10 hours during weekends.

54. As a result of the above work performed by Vahcic, he regularly worked for Lake Erie Exports 60 to 75 hours a week, and he occasionally worked as much as 90 hours per week.

55. Defendants failed to pay Vahcic overtime for the hours he worked each week in excess of 40 per week.

56. As a result of the hours Vahcic worked each week for Lake Erie Exports coupled with his relatively low rate of pay, Vahcic's regular rate of pay often fell below the minimum wage.

57. Vahcic's employment with Defendants ended in or around June of 2017.

58. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Defendants' conduct as alleged herein is so egregious that Defendants cannot establish that they had a good faith belief that their conduct reasonably complied with the FLSA.

## **COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA (29 U.S.C. § 206).**

60. Vahcic restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

61. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

62. At all times relevant to this action, Defendants willfully failed and refused to pay Vahcic the federal minimum wages required by the FLSA, causing Vahcic to suffer damage in amounts to be proven at trial.

63. Defendants either recklessly failed to investigate whether their failure to pay Vahcic at least a minimum wage for all of the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Vahcic to believe that Defendants were not required to pay him at least a minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Vahcic the minimum wage pay he earned.

64. At all times relevant to this Complaint, the Defendants were, have been, and continue to be "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

65. Defendants have failed to make, keep, and preserve records with respect to Vahcic, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

66. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

68. Vahcic requests recovery of attorney's fees and costs associated with this cause as provided

by 29 U.S.C. § 216(b).

## COUNT II: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
## (29 U.S.C. § 207)

69. Vahcic restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

70. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

71. Vahcic was not exempt from the right to receive overtime pay under the FLSA during his employment with Lake Erie Exports.

72. Vahcic is entitled to be paid overtime compensation for all overtime hours worked.

73. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay overtime to its employees for their hours worked in excess of 40 hours per week.

74. As a result of Defendants' failure to properly compensate their employees, including Vahcic, at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

75. Vahcic is entitled to damages in the amount of his unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including her attorneys' fees and costs.

76. At all times relevant to this action, Defendants willfully failed and refused to pay Plaintiff overtime wages required by the FLSA, causing Plaintiff to suffer damage in amounts to be proven at trial.

77. Defendants either recklessly failed to investigate whether their failure to pay Vahcic an overtime wage for the hours he worked in excess of 40 per week during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Vahcic to believe that Defendants were not required to pay her overtime wages, and/or Defendants concocted a scheme pursuant to which they deprived Vahcic the overtime pay he earned.

78. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

79. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

80. Vahcic requests recovery of his attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b)

### COUNT III:  VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, *et seq*, BASED ON FAILURE TO PAY MINIMUM WAGE.

81. Vahcic incorporates by reference the allegations in the preceding paragraphs.

82. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

83. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

84. Vahcic was an employee of Defendants as that term is defined by the OMFWSA.

85. In 2016, the OMFWSA required employers to pay a minimum wage of at least $8.10 per hour to all non-exempt employees.

86. Vahcic's regular rate of pay regularly fell below $8.10 per hour in 2016.

87. In 2017, the OMFWSA required employers to pay a minimum wage of at least $8.15 per hour to all non-exempt employees.

88. Vahcic's regular rate of pay regularly fell below $8.15 per hour in 2017.

89. In denying compensation at the requisite Ohio minimum wage rate, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

90. Defendants have failed to make, keep, and preserve records with respect to Vahcic, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the OMFWSA, R.C. § 4111.08, *et seq*.

91. As a direct and proximate result of Defendant's unlawful conduct, Vahcic has suffered and will continue to suffer a loss of income and other damages.

92. Having violated the OMFWSA, Defendants are joint and severally liable to Vahcic pursuant to O.R.C. § 4111.10 for the full amount of his unpaid wages and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and severally liable to Vahcic for an amount equal to twice his unpaid wages.  O.R.C. § 4111.14(J).

### COUNT IV:  VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME.

93. Vahcic incorporates by reference the allegations in the preceding paragraphs.

94. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

95. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

96. Vahcic was an employee of Defendants as that term is defined by the OMFWSA.

97. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

98. Defendants failed to pay Vahcic overtime for hours he worked in excess of 40 per week.

99. In denying Vahcic overtime compensation, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

100. As a direct and proximate result of Defendant's unlawful conduct, Vahcic has suffered and will continue to suffer a loss of income and other damages.

101. Having violated the OMFWSA, Defendants are joint and severally liable to Vahcic pursuant to O.R.C. § 4111.10 for the full amount of his unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and severally liable to Vahcic for an amount equal to twice his unpaid wages. O.R.C. § 4111.14(J).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Robert Vahcic requests judgment against all Defendants and for an Order:

a. Awarding Plaintiff unpaid minimum wages and overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff in an amount to be determined at trial;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq..;

d. Issuing a declaratory judgment that Defendants violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a), and the OMWFSA, R.C. § 4111.08;

e. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

f. Awarding pre-judgment and post-judgment interest as provided by law;

g. Awarding reasonable attorneys' fees and costs; and

h. Awarding such other and further relief that this Court deems appropriate.

                Respectfully submitted,

                */s/ Chris P. Wido*
                Chris P. Wido (0090441)
                Tina M. Scibona (0092008)
                **THE SPITZ LAW FIRM, LLC**
                25200 Chagrin Boulevard, Suite 200
                Beachwood, Ohio 44122
                Phone: (216) 291-4744
                Fax:    (216) 291-5744
                Email: chris.wido@spitzlawfirm.com

                *Attorneys for Plaintiff Robert Vahcic*

## **JURY DEMAND**

    Plaintiff Robert Vahcic demands a trial by jury by the maximum number of jurors permitted.

                */s/ Chris P. Wido*
                Chris P. Wido (0090441)
                **THE SPITZ LAW FIRM, LLC**